Filed 9/11/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ERIC MAYRON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant and Respondent. | H044592<br>(Santa Clara County<br>Super. Ct. No. CV275940) |

In this putative class action, plaintiff Eric Mayron sued Google LLC for violating the automatic renewal law (Bus. & Prof. Code, § 17600, et seq.) and for unfair competition (Bus. & Prof. Code, § 17200, et seq.). Plaintiff appeals after the trial court sustained Google's demurrer to the complaint without leave to amend. We conclude there is no private right of action for violation of the automatic renewal law. Further, since plaintiff has not alleged an injury caused by Google's conduct, he has no standing to sue under the unfair competition statute. We will therefore affirm the judgment.

## I. BACKGROUND

California's automatic renewal law was enacted "to end the practice of ongoing charging of consumer credit or debit cards [] without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." (Bus. & Prof. Code, § 17600 (unspecified statutory references are to this code).) The law requires a consumer's affirmative consent to any subscription agreement automatically renewed for a new term when the initial term ends. (§ 17602, subd. (a)(2).) It further requires "clear and conspicuous" disclosure of the offer terms, and an "easy-to-use mechanism for cancellation." (§ 17602, subds. (a)(1), (b).)

Plaintiff sued Google on behalf of a putative class, alleging that Google's subscription data storage plan violates the automatic renewal law. As described in the complaint, "Google Drive" allows users (those registered for a Google account) to remotely store electronic data that can be accessed from any computer, smartphone, or similar device. There is no charge for 15 gigabytes of storage capacity. For a $1.99 monthly fee, users can upgrade to 100 gigabytes of storage. Plaintiff alleged the upgraded Google Drive plan violates the automatic renewal law because Google did not provide the required clear and conspicuous disclosures nor obtain his affirmative consent to commence a recurring monthly subscription agreement, and did not adequately explain how to cancel.

Plaintiff asserted one cause of action for violation of the automatic renewal law, and another for statutory unfair competition based on the alleged unlawful practice. Google demurred to the complaint. It argued there is no private right of action under the automatic renewal law and that plaintiff did not allege actual injury sufficient to confer standing for an unfair competition claim. The trial court ultimately sustained the demurrer without leave to amend.

## II.    DISCUSSION

Appellate review of a decision sustaining a demurrer is de novo. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) We assume the truth of the allegations in the complaint and determine whether a valid cause of action is stated under any legal theory. (*Doan v. State Farm General Ins. Co.* (2011) 195 Cal.App.4th 1082, 1091.)

### A. THE AUTOMATIC RENEWAL LAW DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION

A private party can sue for violation of a statute only where the statute in question allows it. (*Lu v. Hawaiian Gardens Casino, Inc.* (2010) 50 Cal.4th 592, 596 (*Lu*).) We

first examine the statutory text to see if it contains " 'clear, understandable, unmistakable terms,' which strongly and directly" indicate a private right of action is allowed. (*Id.* at p. 597.) The statute may, for instance, refer to obtaining a remedy or enforcing its provisions "by way of an action." (*Ibid.*) Where the text does not contain an unmistakable directive, the legislative history may indicate whether the Legislature intended to create a private cause of action. (*Id.* at p. 598.)

Plaintiff asserts section 17604 of the automatic renewal law clearly shows intent to create a private right of action. Entitled "Violations; Civil remedies," that section provides: "violation of this article shall not be a crime. However, all available civil remedies that apply to a violation of this article may be employed." Plaintiff reads the reference to "all available civil remedies" to mean that a private party can sue for any remedies available under the civil law, such as damages or an injunction. Plaintiff's interpretation is not unreasonable. While a remedy is not the same thing as a cause of action, a statute that says all available remedies can be employed for a violation suggests a right of action exists, since one cannot obtain a remedy without a viable cause of action.

At the same time, we are mindful there must be a "clear, understandable, unmistakable" indication of intent to allow a private right of action. It is not enough that the statutory text suggests such a right. (See *Lu*, *supra*, 50 Cal.4th 592 at p. 597.) A clear indication means the text cannot be reasonably susceptible of competing interpretations. The language here *is* susceptible of more than one meaning. As we have noted, plaintiff's interpretation is plausible. But so is the one urged by Google—that the phrase "all available civil remedies … may be employed" does not mean what plaintiff says but rather the opposite: it specifically indicates an intent not to create a new cause of action but to require enforcement through existing means (such as through Business and Professions Code section 17200, et seq., which allows individuals harmed by unlawful business practices to seek restitution and injunctive relief). We find that the statute's somewhat imprecise phrasing—"all available civil remedies that apply to a

3

violation of this article may be employed"—is not sufficiently clear to conclude in the affirmative that a private individual may sue for a violation.

Plaintiff argues general rules of statutory interpretation, such as the rule against surplusage, dictate that the reference to remedies should be given effect as creating a cause of action. But a more specific rule controls in this context: the rule that in order to create a private right of action the Legislature must clearly express that intent.

Section 17603 similarly contains no clear indication of intent to create a private right to sue. Section 17603 provides that "any goods, wares, merchandise, or products" sent to a consumer under a subscription agreement that violates the automatic renewal law "shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit." That provision relieves the consumer of any obligation to return what has already been received and ensures the consumer has no liability for the products. But it does not follow from that language (at least not with sufficient clarity) that a consumer may affirmatively bring an action to enforce the statute. That is in contrast to the statute considered in *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 377, cited by plaintiff. There the court found a private right of action in Business and Professions Code section 6061, subdivision (h), which requires certain disclosures by unaccredited law schools and mandates that any school in violation "shall make a full refund of all fees paid by students." As the Legislature "unquestionably intended to bestow students or former students with individual monetary claims, it must have intended to give them private rights of action to pursue such claims." (*Goehring v Chapman University*, at p. 378.) Section 17603 is different because it provides only a passive right to retain any products received from a violator, rather than a right to pursue a refund of fees a claimant could show had been paid. We also note that *Goehring* was decided several years before *Lu*, and therefore did not apply the Supreme Court's guidance regarding the clarity with which the Legislature must express its intent to create a private right of action.

4

We draw further support for our conclusion that the statutory text does not show an intent to create a private cause of action from the fact that the Legislature has in many instances demonstrated its ability to clearly express such an intent. Numerous statutes contain clear, unmistakable language regarding private enforcement that is much more explicit than the language used here. (See *Lu*, *supra*, 50 Cal.4th 592, 597, listing statutes with a private right of action including Health & Saf. Code, § 1285, subd. (c) ["Any person who is detained in a health facility solely for the nonpayment of a bill has a cause of action against the health facility for the detention"]; Lab. Code § 218 ["Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article"]; Bus. & Prof. Code, § 17070 ["Any person ... may bring an action to enjoin and restrain any violation of this chapter and, in addition thereto, for the recovery of damages"]; Bus. & Prof. Code § 6175.4, subd. (a) ["A client who suffers any damage as the result of a violation of this article by any lawyer may bring an action against that person to recover or obtain one or more of the following remedies"]; Civ. Code, § 1748.7, subd. (d) ["Any person injured by a violation of this section may bring an action for the recovery of damages, equitable relief, and reasonable attorney's fees and costs"].) Had the Legislature wanted to create a private right of action for violation of the automatic renewal law, it could have said so. We find its choice not to is significant.

But even without clear statutory language, legislative history can reveal the Legislature's intent to create a private right of action. [1] (*Lu*, *supra*, 50 Cal.4th 592, 598.) Again though, it must be "clear" that was the intent. (*Id.* at p. 597.) The legislative history of the automatic renewal law contains no clear statement about an individual's right to sue under the statute. There is no mention of a private right action at all. And the relevant material does not support plaintiff's argument. Under a heading that reads

---

[1] We grant plaintiff's request for judicial notice of the legislative history of the automatic renewal law.

"Remedies available under the bill"—where one would expect reference to a private right of action if one were contemplated—the bill's author instead notes violations can be enforced through Business and Professions Code section 17200, which allows a private party to "bring a civil action for injunctive relief and/or for restitution of profits that the defendant unfairly obtained from that party." (Sen. Ellen Corbett, Chair of Senate Judiciary Committee, letter to Sen. Yee, 2009-2010 reg. session.) The legislative history's reference to enforcement by way of a different statute is a strong indication that no independent private right of action was intended by the new law.

Seeing no clear indication of intent to create a private right of action in either the statutory text or its legislative history, we conclude there is no such right under the automatic renewal law. Plaintiff urges that outcome is contrary to the remedial purpose of the statute and will undermine its consumer protection function. But the automatic renewal law can be enforced with an action brought by the Attorney General. A private individual can also pursue enforcement through an unfair competition lawsuit, if economic loss resulted from the violation—an issue we turn to next.

## B. STANDING TO SUE FOR UNFAIR COMPETITION REQUIRES ACTUAL INJURY AND CAUSATION

In addition to his claim for violation of the automatic renewal law, plaintiff alleged a cause of action against Google under Business and Professions Code, section 17200, et seq., which prohibits unfair competition. "Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1143.) The statutory violation plaintiff imports here is Google's alleged violation of the automatic renewal law.

The unfair competition statutes come with an express standing requirement, however. An action can be brought only "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." (§ 17204.) It is not

6

enough that a plaintiff lost money; to have standing, there must be a causal link between the unlawful practice and the loss. (*Hall v. Time, Inc.* (2008) 158 Cal.App.4th 847, 849 ["We hold the phrase 'as a result of' in the [Unfair Competition Law] imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property."].)

The statutory violations alleged by plaintiff are that Google did not provide required disclosures and did not make it easy enough to cancel the subscribed service. To establish standing, plaintiff would also need to allege that he ordered increased Google Drive storage but would not have done so had the disclosures been provided, or that he would have cancelled the additional storage had it been easier to do so. (See, e.g., *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 317 (*Kwikset*) [plaintiffs who can truthfully allege they were deceived by a product's label into purchasing the product and would not have purchased it otherwise, have "lost money or property" within the meaning of section 17204].) But plaintiff makes no such allegation, which suggests he would have purchased and maintained the added Google Drive capacity even if Google had complied with the automatic renewal law. The complaint therefore does not show a causal link between plaintiff's payments and Google's alleged violations. (*Daro v. Superior Court* (2007) 151 Cal.App.4th 1079, 1098 ["In short, there must be a causal connection between the harm suffered and the unlawful business activity. That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law."].)

Plaintiff contends he has standing based on the unconditional gift provision of the automatic renewal law, which allows a consumer to keep "any goods, wares, merchandise, or products" sent under a continuous service agreement that is not in compliance with the law. (§ 17603.) Any such goods "shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the

7

business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business." (*Ibid.*) In plaintiff's view, the effect of that provision is that he paid for a product the law deems a gift. In other words, he asserts that he lost money as a direct result of Google's alleged statutory violation because he paid for something he did not need to pay for.

Plaintiff's standing argument misses the crucial requirement of causation. The unconditional gift provision of the automatic renewal law creates a right to retain a product already received. That right is a consequence of violating the statute. But a consequence imposed on a defendant for violating a statute is not the same thing as a loss caused by the defendant's conduct. (*Kwikset*, *supra*, 51 Cal.4th 310, 335–336 [eligibility for a remedy and standards for causation under section 17200 are "wholly distinct"].) The relevant inquiry for standing purposes is whether a defendant's unlawful conduct caused the plaintiff to part with money. In the context of this case, the questions are twofold: whether Google's failure to adequately disclose that the Google Drive storage plan would automatically renew each month caused plaintiff to spend money he otherwise would not have spent; or alternatively, whether Google's failure to provide an easy cancellation mechanism caused plaintiff to continue to spend money on a service he would have discontinued (which he characterizes as a gift under the law).

Whether a loss was caused by the defendant is what matters for standing, not any resulting consequence imposed by statute. An example demonstrates the point: suppose the automatic renewal law imposed a statutory penalty of $1,000 for each violation. The mere existence of the penalty—a consequence of violating the statute—does not mean the defendant caused a consumer's loss that is separate and distinct from the penalty. An after-the-fact right provided by the Legislature cannot amount to causation. Nor should a penalty imposed on a vendor be viewed as the source of injury to a consumer.

Plaintiff cites two federal district court cases and an unpublished Ninth Circuit Court of Appeals case which concluded the unconditional gift provision does confer

section 17200 standing. But we are not persuaded by the reasoning in those cases. In *Roz v. Nestle Waters North America, Inc.* (C.D. Cal. 2017) 2017 U.S. Dist. LEXIS 5177, the court's basis for finding standing was that "[w]hen the Defendant then collected money in return for that 'gift,' it injured the Plaintiffs because it took money that the Plaintiffs did not owe. Therefore, the charges must qualify as an injury." (*Id*. at p. 22). The *Roz* court's analysis ignores the requirement that the consumer's injury must be caused by the defendant's misconduct; that is, caused by the defendant's failure to provide the required disclosures. Lack of a causal link between the underlying statutory violation and the nature of the plaintiff's loss precludes standing under section 17200. The other district court case plaintiff cites, *Lopez v. Stages of Beauty* (S.D. Cal. 2018) 307 F.Supp. 3d 1058, 1070, relies on *Roz* and applies the same reasoning.

In *Johnson v. Pluralsight, LLC* (9th Cir. 2018) 728 Fed.Appx. 674, 676–677, the Ninth Circuit decided a plaintiff asserting a section 17200 claim premised on an automatic renewal law violation established standing in federal court under Article III of the United States Constitution, and the court summarily concluded that "for the same reasons he has satisfied Article III's injury-in-fact requirement, he has alleged an injury in fact sufficient to support statutory standing under [section 17200]." But federal Article III standing is far broader than the standing requirement contained in section 17200, which expressly requires a financial loss caused by the defendant's conduct. As the California Supreme Court explained in *Kwikset*, *supra*, 51 Cal.4th 310, 324, "because economic injury is but one among many types of injury in fact, the [] requirement that injury be economic renders standing under section 17204 substantially narrower than federal standing under article III, section 2 of the United States Constitution, which may be predicated on a broader range of injuries." The *Johnson* court's conclusion that the plaintiff had section 17200 standing rests on a faulty premise.

Because we conclude that the unconditional gift provision of the automatic renewal law does not confer standing for a section 17200 cause of action, we need not

9

reach the issue of whether the gift provision applies only to tangible goods and not to a data storage plan like Google Drive.

Plaintiff has no private cause of action under the automatic renewal law, and he has not properly alleged causation of an economic loss as required to bring a claim under section 17200. The trial court therefore correctly sustained Google's demurrer to the complaint. And as plaintiff has not shown how he would amend the complaint to change its legal effect, there was no abuse of discretion in denying leave to amend. (*Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 458.)

## III. DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Danner, J.


**H044592 -** *Mayron v. Google LLC*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. CV275940 |
| Trial Judge: | Hon. Peter H. Kirwan |
| Counsel for Plaintiff/Appellant ERIC MAYRON | Julian Hammond<br>  Hammon Law, P.C.<br>Laura Luo Ho<br>Anne P. Bellows<br>  Goldstein, Borgen, Dardarian & Ho |
| Counsel for Defendant/Respondent GOOGLE LLC | David H. Kramer<br>Brian M. Willen<br>  Wilson, Sonsini, Goodrich & Rosati |

**H044592 -** *Mayron v. Google LLC*